IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

ALICIA STAFFORD     PLAINTIFFS
1807 Herr Lane
Louisville, Kentucky 40222

AND     3:16-CV-799-DJH

CORNELIUS STAFFORD
1807 Herr Lane
Louisville, Kentucky 40222

v.

EQUIFAX INFORMATION SERVICES, LLC     DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

     SERVE:    CSC-Lawyers Incorporating Service Co.
                       421 W. Main St.
                       Frankfort, KY 40601
                       (BY CERTIFIED MAIL)

** ** ** **

**VERIFIED COMPLAINT**

Come the Plaintiffs, Alicia Stafford and Cornelius Stafford, and for their Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), state as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false reporting of and Defendant's failure to investigate Plaintiffs' disputes regarding alleged delinquent credit accounts and alleged judgments.

## II. PARTIES

2. Plaintiff, Alicia Stafford, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1807 Herr Lane, Louisville, Kentucky 40222. Mrs. Stafford is the spouse of Plaintiff, Cornelius Stafford.

3. Plaintiff, Cornelius Stafford, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1807 Herr Lane, Louisville, Kentucky 40222. Mr. Stafford is the spouse of Plaintiff, Alicia Stafford.

4. Plaintiffs are "consumers" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

5. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

6. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

7. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

8.  This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

9.  In or around July 2016, Plaintiffs, who were in the process of attempting to secure mortgage financing, accessed their Equifax credit reports. Mrs. Stafford discovered derogatory tradelines furnished by Fed Loan Services regarding an alleged delinquent student loan account and by Credit One Bank regarding an alleged collection account. Mr. Stafford discovered two alleged 2013 judgments in the "public records" section of his Equifax credit report.

10. Immediately upon their discovery of the above entries, Mrs. Stafford disputed the Fed Loan Services and Credit One Bank tradelines and Mr. Stafford disputed the two judgement entries.

11. In August 2016, Mrs. Stafford received the results of her disputes. According to the results, Equifax failed to investigate Mrs. Stafford's dispute of the Fed Loan Services tradeline. As to the Credit One Bank tradeline, Equifax advised in the dispute results that the Credit One Bank tradeline would be deleted. As of the date of filing of this Verified Complaint, however, the derogatory Credit One Bank tradeline is still reporting on Mrs. Stafford's Equifax credit report.

12. Also in August 2016, Mr. Stafford received the results of his disputes of the alleged judgments reporting in the "public records" section of his credit report. According to the results, Equifax failed to investigate the two judgments Mr. Stafford disputed and the judgments remain on Mr. Stafford's Equifax credit report.

13. Equifax's failure to investigate Plaintiffs' disputes and its failure to delete and/or amend its reporting of the subject tradelines has damaged Plaintiffs in that Plaintiffs have been denied credit and/or have been forced to pay a high rate of interest for credit due to Equifax's failure to properly investigate Plaintiffs' disputes and to delete or amend their reporting of the subject tradelines.

## V. CLAIMS

### Negligence

14. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

15. Equifax's failure to properly investigate Plaintiffs' disputes and its consequent failure to delete or amend its reporting of the subject tradelines, despite Plaintiffs' lawful notice to Equifax disputing Equifax's reporting of the tradelines, was negligent.

16. In failing to properly investigate Plaintiffs' disputes of the reporting of the tradelines, Equifax breached its duty to Plaintiffs to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiffs.

17. Equifax's negligent failure to properly investigate Plaintiffs' disputes of the reporting of the subject tradelines and its consequent failure to delete or amend its reporting of the subject tradelines has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit rating, and other compensatory and consequential damages.

18. Equifax's failure to properly investigate Plaintiffs' disputes of Equifax's reporting of the subject tradelines and its consequent failure to delete or amend its reporting of the subject tradelines, despite Plaintiffs' lawful disputes to Equifax, was willful and wanton, entitling

Plaintiffs to punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act

19. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiffs' disputes is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

22. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

23. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25. Equifax's failure to properly investigate the disputed items and its consequent failure to delete or amend its reporting of the disputed items within a reasonable time following

Equifax's receipt of Plaintiffs' disputes is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

26. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages and for Plaintiffs' attorney's fees.

WHEREFORE, Plaintiffs, Alicia Stafford and Cornelius Stafford, respectfully demand the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

6

## VERIFICATION

I, Alicia Stafford, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Alicia Stafford

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Alicia Stafford this ___ day of _____, 2016.

_____
Notary Public

Commission expires:_____

## **VERIFICATION**

I, Cornelius Stafford, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

                                                                _____
                                                                Cornelius Stafford

COMMONWEALTH OF KENTUCKY          )
                                                                  ) SS
COUNTY OF JEFFERSON                  )

Subscribed, sworn to and acknowledged before me by Cornelius Stafford this ____ day of _____, 2016.

                                                                _____
                                                                Notary Public

                                                                Commission expires:_____